NO. 07-06-0203-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL D

SEPTEMBER 13, 2006

_____

MICHAEL A. COX,

Appellant

v.

THE STATE OF TEXAS,

Appellee

_____

FROM THE 364TH DISTRICT COURT OF LUBBOCK COUNTY;

NO. 92-415-137; HON. BRADLEY UNDERWOOD, PRESIDING

_____

***Opinion***

_____

Before QUINN, C.J., and REAVIS and CAMPBELL, JJ.

Michael A. Cox (appellant) appeals from an order denying his request to obtain records purportedly held by the district clerk and pertaining to his 1992 criminal prosecution and conviction. According to his appellate brief, he "needs the statement of facts and oral recording of final sentencing and the clerks record to prove" that "the state is not living up to the plea bargain of appellant." We affirm the order of the trial court.

### Background

Through a written document entitled "Motion for Transcripts," Cox asked the trial court to provide him various records pertaining to the 1992 conviction. Included in the request were copies of "all transcripts, written and oral" including "Grand Jury deliberations to handing down indictment, to final sentencing in plea bargain." So too did he seek an order directing the district attorney's office to "turn over any transcripts or motions they may have in their record program or archives, to the district clerk of the 99th district court in cause no. 92-415-137, so they may be forwarded to the defendant." Other motions wherein he sought exhibits and a subpoena for "police video of store theft and police report" were also filed. These requests were denied, via written order, by the trial court on May 23, 2006. Cox then appealed.

### Analysis

Appellant contends that he is entitled to a free record and cites us to *Griffin v. Illinois*, 351 U.S. 12, 76 S.Ct. 585, 100 L.Ed. 891 (1956) in support of his contention. However, we find his reliance on *Griffin* misplaced. There, Griffin sought records to effectuate the prosecution of a direct appeal from his conviction. Cox does not want the records for that purpose here. Indeed, the time to initiate a direct appeal expired over a decade ago. Rather, he wants them to collaterally attack his conviction. *Griffin* and its holding does not encompass that circumstance. Rather, §552.028 of the Texas Government Code does.

According to §552.028, "a governmental body is not required to accept or comply with a request for information from . . . an individual who is imprisoned or confined in a

2

correctional facility. . . ." Tᴇx. Gᴏᴠ'ᴛ Cᴏᴅᴇ Aɴɴ. §552.028 (Vernon 2004). So, because the record illustrates that appellant is a prison inmate, statute authorized the trial court to deny his request. *See Harrison v. Vance,* 34 S.W.3d 660, 663 (Tex. App.–Dallas 2000, no pet.) (holding that disclosure of information is discretionary when that information is requested by an individual imprisoned or confined in a correctional facility); *see also Wright v. Curry*, No. 04-10304, WL 2977437(5th Cir. December 17, 2004) (not designated for publication) (holding that a state prison inmate was not entitled to copies of the transcripts and records from his state court criminal case under the Texas Open Records Act, nor did he have a right to a free copy of records from his state criminal case to "search for possible error in order to file a petition for collateral relief at some future date.")

Accordingly, we affirm the order of the trial court.[1]


Brian Quinn
Chief Justice

Publish.

---

[1]We conclude that oral argument would not significantly aid this court in determining the appeal. Thus, we waive oral argument. To expedite disposition of this case and given the issues involved and the clarity of the law addressing them, the court also invokes Texas Rule of Appellate Procedure 2, suspends Rule 39.9, and submits the cause for disposition on even date.