**FORD MOTOR COMPANY, Petitioner,**

v.

**Patricia CHACON, et al., Respondents.**

No. 10–0506.

Supreme Court of Texas.

June 29, 2012.

Craig A. Morgan, Julie Hathorn Albright, Attorneys at Law, Michael W. Eady, Wade Caven Crosnoe, Ronald D. Wamsted, Thompson, Coe, Cousins & Irons, L.L.P., Austin, TX, David M. Prichard, Prichard Hawkins McFarland & Young, L.L.P., Robert Dinsmoor, Ray Valdez McChristian & Jeans PC, San Antonio, TX, Yvonne Marie Acosta, Scott Hulse PC, El Paso, TX, for Ford Motor Company.

Robert E. Ammons, Bennett A. Midlo, The Ammons Law Firm, LLP, Houston, TX, James B. Kennedy, Gage & Kennedy, PLLC, El Paso, TX, for Patricia Chacon.

G. Danny Mena, El Paso, TX, for G. Daniel Mena.

Ken Coffman, Attorney at Law, El Paso, TX, for Other Interested Party Darrel Brown.

PER CURIAM.

In this case, we determine whether a guardian ad litem was awarded fees for

work that exceeded the scope of the authority given to him by the trial court. The trial court appointed the guardian ad litem to represent the interests of a minor-plaintiff during the resolution of a proposed settlement with one defendant in a multiple-defendant lawsuit. After the settlement was finalized, the guardian ad litem continued to represent, without court order, the minor-plaintiff's interests in her claims against the remaining defendants. Because the guardian ad litem continued representing the minor-plaintiff's interests without court order, we reverse the court of appeals' judgment and render judgment that the guardian ad litem's activities following resolution of the initial settlement are not compensable.

In 2005, Oscar Chacon suffered fatal injuries in an automobile accident. The accident allegedly occurred because a tire tread separated from the rear right tire of the 1998 Ford Explorer in which he was a passenger. Chacon's wife, Patricia Chacon, brought a wrongful death and survival action on behalf of herself, her husband's estate, and her minor daughter, Valerie Chacon (collectively, the Chacons).[1] The Chacons alleged products liability claims against Ford Motor Company and Cooper Tire & Rubber Company,[2] and a negligent entrustment claim against Darrel Brown, the owner of the vehicle.

Almost one year after filing their original petition, the Chacons informed the trial court that they had reached a tentative settlement with Cooper Tire. In connection with that settlement, the Chacons requested that the trial court appoint a guardian ad litem to represent Valerie's interests. The court granted the motion and appointed G. Daniel Mena as guardian ad litem.

With Mena's approval, the settlement with Cooper Tire was finalized, and in October 2006, following a hearing to obtain court approval of the settlement, a judgment was entered that successfully resolved the Chacons' claims against Cooper Tire. At that time, Mena submitted to the trial court an application for $11,000 in compensation for his service as guardian ad litem in connection with the Cooper Tire settlement. The trial court approved the $11,000 award and taxed it against Cooper Tire in full. Subsequently, the case was transferred to a different court to avoid potential delays resulting from the election of a new trial judge.

Despite resolution of the Cooper Tire settlement, Mena continued his involvement in the suit. In September 2007, almost one year after the Cooper Tire settlement, the trial court ordered mediation on all of the Chacons' still-pending claims against the remaining defendants, Ford and Brown. The order for referral to mediation was sent to all of the attorneys in the case as well as Mena. The mediation, which Mena attended, was successful and resulted in the parties reaching a settlement. Mena, apparently acting as Valerie's guardian ad litem, submitted to the trial court a report recommending the settlement. Attached to the report was a document listing billable hour entries for Mena's work as guardian ad litem on behalf of Valerie's interests against Ford. The entries totaled 87.25 hours of work, beginning in August 2006 during the Cooper Tire settlement. The list included two pending entries for future activities—attending the hearing to obtain court approval of the Ford settlement and handling

1. The decedent's father, Oscar Chacon Sr., later joined the case as an additional plaintiff.

2. Pirelli Tire Corporation manufactured the tire that failed. Pirelli was replaced as the defendant by Cooper Tire & Rubber Company.

the investment of Valerie's settlement proceeds.

Ford objected to Mena's fee request on several grounds, including that Mena had already been paid for his work in connection with the Cooper Tire settlement and that he was seeking fees for activities beyond the scope of his duties as a guardian ad litem under Texas Rule of Civil Procedure 173. Ford requested an evidentiary hearing on the matter. On the morning of the hearing, Mena filed a verified report that presented entries totaling 80.75 hours of allegedly compensable work. Asserting that a reasonable hourly rate would be $200 to $250 an hour, Mena sought a total fee in the range of $16,150 to $20,187.50. When questioned by Ford about the entries, Mena stated that some of the entries were for work he had already performed during the Cooper Tire settlement. He explained that he sought compensation again for those hours because he spent that time also ensuring "that Ford Motor Company was not let out of this case" and because he "did some of the work simultaneously" in connection with all three defendants.

The trial court awarded Mena $17,087 in fees for his service on behalf of Valerie's interests against Ford. In reaching this total, the court began by removing two entries totaling half an hour for time in which Mena discussed his fees with Ford's attorneys. The court then compensated Mena for the remaining 80.25 hours at a rate of $350 per hour—$100 more than the highest rate requested by Mena. To avoid double payment, the court credited Ford $11,000, which was the amount previously awarded to Mena for his 38.00 hours of work in connection with the Cooper Tire settlement. Thus, the trial court ordered fees in the amount of $17,087 for 42.25 hours of work and taxed them in full against Ford.

The court of appeals reversed and rendered judgment, reducing Mena's award to $10,562.50. 321 S.W.3d 534, 544–45.[3] The court found nothing in the record to support the trial court's $350 hourly rate and reduced the rate to $250 per hour. Id. The court additionally noted that the high hourly rate impacted the double-billing credit, as Ford should have been credited $13,300 for the 38.00 hours of work at $350 per hour related to the Cooper Tire settlement. Id. at 544. The court of appeals otherwise upheld the fee award, holding that the trial court did not abuse its discretion in compensating Mena for the billing entries listed subsequent to the Cooper Tire settlement. Id. at 544–45. After multiplying the remaining 42.25 hours by an hourly rate of $250, the court rendered judgment for Mena in the amount of $10,562.50. Id. at 545.

▪ On appeal, Ford challenges the court of appeals' fee award on two grounds. First, Ford contends that Mena's role as guardian ad litem ended after the Cooper Tire settlement was finalized on October 16, 2006, and that he should therefore not be compensated for any work done after that settlement. Second, Ford argues that, even if Mena's appointment as guardian ad litem extended past the Cooper Tire settlement, Mena billed for activities that are prohibited under Rule 173.

▪ A guardian ad litem is an officer appointed by the court to assist in protecting a party's interests when that party's next friend or guardian appears to have an interest adverse to the party. See Tex.R.

---

**3.** Mena did not file a brief or appear at oral argument in the court of appeals. Despite this Court's request for briefing and multiple follow-up calls to Mena's office, Mena did not file any briefing in this Court.

CIV. P. 173; *Land Rover U.K., Ltd. v. Hinojosa,* 210 S.W.3d 604, 607 (Tex.2006). Texas Rule of Civil Procedure 173 governs the procedure for appointing and compensating a guardian ad litem. *See* TEX.R. CIV. P. 173. Rule 173 requires that a guardian ad litem's "appointment must be made by written order" of the trial court. TEX.R. CIV. P. 173.3(b). A guardian ad litem has the burden to ensure that his services do not exceed the scope of the role assigned by the trial court. *See* TEX.R. CIV. P. 173.6(a); *Stewart Title Guar. Co. v. Sterling,* 822 S.W.2d 1, 10 (Tex.1991) (placing the burden on the guardian ad litem to prove that the services rendered were reasonable and necessary). In the context of that appointment, a guardian ad litem "may be reimbursed for reasonable and necessary expenses incurred and may be paid a reasonable hourly fee for necessary services performed." TEX.R. CIV. P. 173.6(a). The amount of the award is within the trial court's discretion. *See Ford Motor Co. v. Garcia,* 363 S.W.3d 573, 578 (Tex.2012). Thus, we review the trial court's fee award for an abuse of discretion, which occurs when the trial court rules (1) arbitrarily, unreasonably, or without regard to guiding legal principles, or (2) without supporting evidence. *Id.*

█ As we recently explained in *Ford Motor Co. v. Garcia,* in determining the nature and duties of an appointment, we look to the context of the appointment and the duties assigned to the ad litem. 363 S.W.3d at 577. In *Garcia,* we considered whether an attorney was appointed as a guardian ad litem or an attorney ad litem. *Id.* at 577–78. In making that determination, we explored the full context of the attorney's appointment, including the timing of the appointment, the plaintiffs' specific request in their motion for appointment of an ad litem, and the trial court's order appointing the ad litem. *Id.* at 578.

The context of Mena's appointment as guardian ad litem clearly indicates that Mena was appointed for the limited purpose of determining and advising the court whether the Cooper Tire settlement was in Valerie's best interest. *See* TEX.R. CIV. P. 173.4(c). The Chacons' motion for appointment of guardian ad litem specifically stated: "Plaintiffs[ ] and Cooper Tire and Rubber Company have reached a tentative settlement agreement in this case. Plaintiffs[ ] respectfully request[ ] that the Court appoint a guardian ad litem for purposes of disposing of[Valerie Chacon's] claim through a [hearing to obtain court approval of the settlement]." The court then entered a written order stating that Daniel Mena "shall be and is hereby appointed Guardian Ad Litem to represent the interests of the minor child, VALERIE CHACON." After the Cooper Tire settlement was finalized and judgment was entered, Mena filed an application for compensation for guardian ad litem services he provided in connection with the Cooper Tire settlement, which the court awarded in full. *See* TEX.R. CIV. P. 173.6(b) ("At the conclusion of the appointment, a guardian ad litem may file an application for compensation."). There was no subsequent motion or request for appointment of a guardian ad litem in connection with the Ford settlement, nor did the trial court enter an order appointing one. In light of the requirements of Rule 173, we conclude that Mena's work regarding the Ford settlement was beyond the scope of his original appointment.

At the evidentiary hearing following the Ford settlement, Mena attempted to justify his continued involvement in the case by noting that, at the hearing to obtain court approval of the Cooper Tire settlement, Ford made a settlement offer that mirrored the Cooper Tire settlement. He argued that his obligation to represent

Valerie's interests required his continued close involvement in the case until Valerie's claims against Ford were fully resolved. The record indicates that the Chacons quickly rejected Ford's offer, at which point there was no pending settlement, settlement offer, or settlement discussion in the case for Mena to review. And it was not until almost a year after the Cooper Tire settlement that the parties reached a tentative settlement, at which point Mena's involvement might arguably have been proper. However, even then, the record does not establish that Ford and the Chacons agreed to the appointment of a guardian ad litem. *See* Tex.R. Civ. P. 173.2(a) (providing that a court must appoint a guardian ad litem when the guardian appears to have an interest adverse to the party, or if the parties agree). Most importantly, the record contains no order from the trial court appointing Mena to act as guardian ad litem on behalf of Valerie's interests in connection with Ford's proposed settlement. *See* Tex.R. Civ. App. 173.3(b) ("An appointment must be made by written order.").

Mena fulfilled his duties as guardian ad litem upon the finalization of the settlement with Cooper Tire. Without a written court order, Mena had no authority to continue acting as Valerie's guardian ad litem after the trial court entered judgment on that settlement. Accordingly, we hold that all of Mena's activities subsequent to the resolution of the Cooper Tire settlement exceeded the scope of his appointment and were not compensable under Rule 173. Therefore, the trial court abused its discretion by awarding Mena fees for activities that he performed without a written appointment order. Because we dispose of this case on Ford's first issue, we do not consider its remaining issues. Accordingly, we grant the petition for review and, without hearing oral argu-

ment, reverse the court of appeals' judgment and render judgment that Mena's fee award in connection with the Ford settlement be vacated. *See* Tex.R.App. P. 59.1.