**Ivo NABELEK, Appellant,**

v.

**Clarence O. BRADFORD, Robert Hurst, and the City of Houston, Appellees.**

No. 14–05–00024–CV.

Court of Appeals of Texas, Houston (14th Dist.).

May 16, 2006.

Ivo Nabelek, pro se.

Andrea Chan, Rosemary Sylvia Ward, Houston, for appellees.

Panel consists of Justices FOWLER, EDELMAN, and GUZMAN.

## OPINION

WANDA McKEE FOWLER, Justice.

Appellant, Ivo Nabelek, appeals the grant of summary judgment to appellees, Clarence O. Bradford, Robert Hurst, and the City of Houston. On appeal, Nabelek contends the trial court erred by granting

the City's motion, raising issues under the First, Fifth, Sixth and Fourteenth Amendments to the United States Constitution. We affirm.

## Factual and Procedural Background

In 1993, appellant pleaded guilty to aggravated sexual assault of a child, sexual performance by a child, and possession of child pornography. He received ten and fifteen-year sentences. The evidence of guilt included a photograph seized from Nabelek depicting him molesting a two-year old child. Nabelek filed appeals for those convictions, but ultimately withdrew them.

At issue in this suit, Nabelek sought portions of a file regarding his offenses from appellees, Clarence O. Bradford, Robert Hurst, and the City of Houston ("the City"). Nabelek sought the files so as to petition for a writ of habeas corpus, and apply for clemency. The City denied Nabelek's request based upon a Texas statute allowing custodians of files to refuse requests from prisoners. The statute states in pertinent part:

(a) A governmental body is not required to accept or comply with a request for information from:

(1) an individual who is imprisoned or confined in a correctional facility; or

(2) an agent of that individual, other than that individual's attorney when the attorney is requesting information that is subject to disclosure under this chapter.

(b) This section does not prohibit a governmental body from disclosing to an individual described by Subsection (a)(1), or that individual's agent, information held by the governmental body pertaining to that individual.

TEX. GOV'T CODE § 552.028(a), (b) ("the Statute").

Nabelek brought suit in state district court to establish he had a right to the files. The district court granted the City's motion for summary judgment. Nabelek appealed to the First Court of Appeals, which sustained Nabelek's issues and remanded the case. The City then removed the case to federal district court because Nabelek's claims involved challenges under the United States Constitution. However, the federal court remanded the case to state court because the City had failed to remove the case timely. Upon remand from the federal court, the state district court again granted the City's motion for summary judgment. Nabelek timely filed notice of appeal and we now entertain Nabelek's contentions.

## Analysis

### I. Claims Raised

We liberally construe Nabelek's pro se filings. However, we still hold him to the same standards as a licensed attorney. *See Brown v. Tex. Employment Comm'n*, 801 S.W.2d 5, 8 (Tex.App.-Houston [14th Dist.] 1990, writ denied). As such, we will not review claims not raised below or presented for appeal. Having liberally construed Nabelek's court filings, we set out the claims that are properly raised on appeal.

Nabelek raises the following questions in as-applied challenges: (1) denial of due process; (2) equal protection violation; (3) First Amendment, free speech violation; and (4) violation of his right to represent himself pursuant to the Sixth Amendment. The other issues he has mentioned in his brief were not properly raised on appeal because they were not sufficiently raised below, if at all. Those include: (1) the same claims raised above as facial challenges to the statute; (2) claims the statute is vague and/or overbroad; (3) arguments under international law; and (4) arguments regarding the proper meaning of who is an "agent" under the statute.

Also, his argument that the trial court did not consider his motion for summary judgment is meritless as there is nothing in the record to substantiate his claim in that regard.

## II. Due Process

In the first issue we consider, Nabelek claims his right to due process has been violated by the application of the statute to his situation. Specifically, we read his argument to be that he has a protected right to go through the process of applying for clemency and petition for a writ of habeas corpus. Moreover, without the ability to at least purchase copies of his records, he is effectively denied the right to engage those two processes. We disagree that Nabelek has any particular liberty interest that is violated by this statute.

### A. No Liberty Interest in Clemency

■ Nabelek argues he has a right to engage the clemency process. Also, he contends that because the documents and items he seeks would help prove his innocence, it is a violation of his due process rights insofar as it keeps him impermissibly in jail. However, he has no due process right to clemency, or even clemency proceedings. *Greenholtz v. Inmates of the Neb. Penal and Corr. Complex,* 442 U.S. 1, 7, 99 S.Ct. 2100, 60 L.Ed.2d 668 (1979) ("Decisions of the Executive Branch, however serious their impact, do not automatically invoke due process protection; there simply is no constitutional guarantee that all executive decisionmaking must comply with standards that assure error-free determinations.").

■ Also working against Nabelek is that the statute does not limit his ability to seek clemency, it only limits what information he is able to collect and supply to the board. If he had a due process right to clemency, or at least to seek clemency, it is in no way hampered by this statute. The statute merely governs the release of information. Given that clemency need not assure error-free determinations, there is no due process right to present any particular information when seeking clemency.

### B. No Due Process Right to Information to Petition for a Writ of Habeas Corpus

■ As with the clemency proceedings, Nabelek has not been hindered in his right to petition for a writ of habeas corpus. Again, his argument centers on whether or not he has the right to information—which he claims he is willing to pay for—that might aid in seeking the writ. However, he has no constitutionally protected right to that information as a matter of due process. *Bracy v. Gramley,* 520 U.S. 899, 904, 117 S.Ct. 1793, 138 L.Ed.2d 97 (1997) ("A habeas petitioner, unlike the usual civil litigant in federal court, is not entitled to discovery as a matter of ordinary course.").

The information and items he seeks are not his, they are the property and in the custody of the City. Thus, he would need to show some right to the material, and that is not granted under state or federal statute. If the request were meritorious, however, a federal court in which Nabelek filed his petition for the writ could issue an order for the materials "as law and justice require." *Id.* (citation and quotations omitted). The City could also exercise its discretion to give him the materials under the Statute. Yet there is no requirement that it do so. The Supreme Court has determined that without showing good cause, an inmate has no right to discovery. Therefore, the Statute does not offend the Constitution by limiting discovery of documents to prisoners petitioning for a writ of habeas corpus.

Additionally, we note that Nabelek pleaded guilty to the offenses for which he is incarcerated, and did not pursue a direct appeal. The information he seeks now

could have been received during a trial, examined, and a record made on appeal at no cost to him. He forfeited that opportunity. Without a due process right to discovery in habeas proceedings, Nabelek is no longer entitled to the information and there is no denial of due process under the statute. *Cf. U.S. v. MacCollom,* 426 U.S. 317, 323–24, 96 S.Ct. 2086, 48 L.Ed.2d 666 (1976) ("[R]espondent was granted a statutory right of appeal without payment of costs if he were indigent, and had he pursued that right § 753(f) would have authorized the use of public funds to furnish him a transcript of the trial proceedings without any further showing on his part. Having forgone this right ... he may not several years later successfully assert a due process right to review of his conviction and thereby obtain a free transcript on his own terms as an ancillary constitutional benefit.").

Because Nabelek still has the right and ability to seek clemency and a writ of habeas corpus, there is no due process violation. Also, as the Supreme Court has noted, when someone has forgone an avenue that would have afforded the very material and opportunity he seeks now—as with Nabelek had he not pleaded guilty and foregone a trial—he cannot later attempt to assert a constitutional right to that opportunity on his own terms. *Id.* We overrule this issue.

**III. Equal Protection**

 Nabelek also raises a claim that the statute denies equal protection under the law. His contention is that the statute impermissibly discriminates against prisoners. His claim is without merit. Prisoners are not a suspect class and thus we review their claims under the rational-basis test. *See Garcia v. Dretke,* 388 F.3d 496, 499 (5th Cir.2004). So long as the statute furthers some legitimate state interest, we will uphold its constitutionality. *Id.* Avoidance of unnecessary use of state

and other governmental agencies' employee resources is a legitimate goal. *See id.* at 499–500. As the City has noted, Nabelek alone has filed numerous lawsuits seeking information protected by this legislation. He is not alone in the filing of numerous lawsuits. Such requests require time and attention. It requires little effort of thought to understand the strain on public resources were agencies required to comply fully with every prisoner's request for information. Nabelek argues that because he is willing to pay for copies of the documents, state resources are not spent— indeed, he argues, the State could make a profit. However, that is not the precise question we must decide here. Instead, we must determine only if the Legislature had a legitimate state interest in enacting the law. We overrule this issue.

**IV. First Amendment**

In an interesting argument, Nabelek contends he has a First Amendment right to the documents. Couching his argument in terms of providing a check on the government, and impermissible favoritism for some groups over others, Nabelek's position is that the City must turn over the documents to him—as it does to others— or run afoul of the First Amendment. We disagree.

 Nabelek relies chiefly on *Los Angeles Police Dept. v. United Reporting Publishing Corp.,* 528 U.S. 32, 120 S.Ct. 483, 145 L.Ed.2d 451 (1999). In that case, the city was limiting the use of arrestee information; if a party requested and received that information, then he could not use it for certain purposes, such as solicitation. *Id.* at 34, 120 S.Ct. 483. Although the Supreme Court upheld the validity of the regulation, *id.* at 40, 120 S.Ct. 483, Nabelek points out that four concurring justices agreed that if the city were to prohibit a small, disfavored class from any

access to the information, the question would be more difficult. *Id.* at 45, 120 S.Ct. 483 (Ginsburg, J., concurring). Yet, that is only an observation of four justices; it in no way reflects how they would have ruled on the merits, and certainly is not binding. We cannot presuppose any conclusion based upon a concurrence by a minority of justices on the Supreme Court.

A better basis for Nabelek's First Amendment claim—and one which we recognize—is the right of access to the courts to petition the government for a redress of grievances. *See Jones v. City of Austin Police Dep't,* 03–00–00272–CV, 2000 WL 1759247, at *1 (Tex.App.-Austin, November 30, 2000, pet.denied) (not designated for publication) (citing *Bill Johnson's Restaurants, Inc. v. NLRB,* 461 U.S. 731, 743, 103 S.Ct. 2161, 76 L.Ed.2d 277 (1994)). Yet, we agree with our sister court in Austin that the statute does not offend the First Amendment. *See id.* Nabelek's ability to seek redress in the courts is not hindered. As we have explained above, he has the full ability to petition for a writ of habeas corpus or seek clemency, regardless of whether the City furnishes him with information. We overrule this issue.

### V. Sixth Amendment Right to Self–Representation

■ In the final issue Nabelek has presented properly to this court, he argues that the statute denies him the right to represent himself as guaranteed by the Sixth Amendment. Because he is representing himself, he argues, he should be considered an attorney for purposes of the statute. We have rejected this argument already and are bound to follow our precedent. *Nabelek v. Dist. Att'y of Harris County,* —— S.W.3d ——, 2005 WL 2148999, at *4 (Tex.App.-Houston [14th Dist.] 2005, no pet.) (holding that Nabelek is not an attorney under the statute, and his constitutional attacks against the statute do not have an arguable basis in law).

Additionally, Nabelek's right to represent himself has not been hindered. What he seeks is particular discovery. As we have explained, he has no absolute right to that discovery; a licensed attorney would have no greater constitutional right to the discovery either. His right to represent himself is in full force—as evidenced by his filings in this and other courts. Simply because one avenue of discovery is closed to him—an avenue for which the Supreme Court has not been willing to provide constitutional protection—does not mean his constitutional right has been violated. We overrule his final issue.

### VI. Other Issues Not Properly Presented

Nabelek's brief raises other issues either by slight mention or more direct allusion. However, we have determined that these issues were not raised below and so cannot be raised here. We do not address any facial challenges to the statute, any claims of vagueness or overbreadth, claims based in international law, or arguments regarding construction of the statute to define "agent." Also, Nabelek's claims regarding the trial court's rulings and abuse of discretion in "fail[ing] to consider the pleadings and issu[ing] no rulling [sic] thereon," is without merit, not shown to be true in the record, and thus we overrule any issue related to that argument.

### Conclusion

Having overruled each of appellant's issues, we affirm the judgment of the trial court.