# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

NO. 03-13-00199-CV

Stevie Lynn Davis, Appellant

v.

Texas Department of Public Safety, Appellee

FROM THE DISTRICT COURT OF TRAVIS COUNTY, 261ST JUDICIAL DISTRICT
NO. D-1-GN-12-000125, HONORABLE AMY CLARK MEACHUM, JUDGE PRESIDING

## MEMORANDUM OPINION

Appellant Stevie Lynn Davis, a pro se inmate, filed suit for writ of mandamus seeking to compel appellee Texas Department of Public Safety to produce information that Davis requested from the Department pursuant to the Texas Public Information Act (PIA). *See* Tex. Gov't Code §§ 552.001–.353; *id*. § 552.321 (allowing suit for writ of mandamus). The trial court denied his request for mandamus relief and dismissed his claims with prejudice. For the following reasons, we affirm.

## BACKGROUND

Davis was convicted of intoxication manslaughter and is currently serving a thirty-five year sentence in the custody of the Texas Department of Criminal Justice.[1] In response

---

[1] *See Davis v. State*, No. 05-06-00969-CR, 2007 Tex. App. LEXIS 6510, at \*20 (Tex. App.—Dallas Aug. 13, 2007, no pet.) (mem. op., not designated for publication).

to a written request from Davis for a copy of a videotape of an interview between Davis and a Department officer and copies of witness statements related to his criminal conviction, the Department denied the request pursuant to section 552.028 of the PIA. *See id*. § 552.028.

After the Department denied his request, Davis filed suit for mandamus relief, contending that the requested information was necessary for him to pursue post-conviction relief. In a supplemental complaint, Davis further contended that he had a due process right to the requested information and challenged the constitutionality of section 552.028. According to Davis, the videotape was not presented during his criminal trial because it was "conveniently lost," and he has "repeatedly been denied the opportunity to purchase a copy at his own expense."[2]

The trial court denied Davis's request for mandamus relief and dismissed his claims with prejudice. The trial court also entered findings of fact and conclusions of law. This appeal followed.

**ANALYSIS**

Davis raises three issues on appeal. He contends that: (i) the trial court abused its discretion because "meritorious disputed issues of material fact remain unresolved," (ii) his due process, equal protection, and "compulsory process" rights were violated when he was denied mandamus relief "necessary to obtain Exculpatory *Brady* material which has been purposely concealed since the day of this Criminal trial," and (iii) section 552.028 is unconstitutional because it violated his "Sixth Amendment Right to Self Representation in denying him access to

---

[2] *See id.* at *5 (noting that officer who testified at trial admitted that he tape recorded interview with Davis but that "tape had been lost").

2

Exculpatory *Brady* material which proves his innocence and which could be easily obtained by a lawyer."[3]

A trial court's determination that requested information is not subject to the PIA is subject to de novo review. *See City of Garland v. Dallas Morning News*, 22 S.W.3d 351, 357 (Tex. 2000) ("[W]hether information is subject to the [PIA] and whether an exception to disclosure applies to the information are questions of law."). We also review matters of statutory construction de novo. *See Texas Mun. Power Agency v. Public Util. Comm'n*, 253 S.W.3d 184, 192 (Tex. 2007). We interpret statutes, if possible, in a way that makes them constitutional. *City of Pasadena v. Smith*, 292 S.W.3d 14, 19 (Tex. 2009). "A statute is presumptively constitutional." *Brooks v. Northglen Ass'n*, 141 S.W.3d 158, 170 (Tex. 2004).

In his first issue, Davis contends that material fact issues remain as to his request for mandamus relief. Section 552.028 of the PIA, governing requests made by incarcerated individuals, provides that "[a] governmental body is not required to accept or comply with a request for information from: (1) an individual who is imprisoned or confined in a correctional facility." *See* Tex. Gov't Code § 552.028(a)(1). This section gives a governmental body discretion not to disclose information requested by an incarcerated individual "regardless of whether such information pertains to the individual requesting it." *See Harrison v. Vance*, 34 S.W.3d 660, 663 (Tex. App.—Dallas 2000, no pet.) (considering section 552.028 and joining other courts "in holding

---

[3] "A Brady violation occurs when the state suppresses, willfully or inadvertently, evidence favorable to appellant." *Harm v. State*, 183 S.W.3d 403, 406 (Tex. Crim. App. 2006); *see also* Tex. Code Crim. Proc. art. 2.01 (requiring district attorneys representing State in criminal cases "not to suppress facts . . . capable of establishing the innocence of the accused").

3

disclosure of information is discretionary when that information is requested by an individual imprisoned or confined in a correctional facility, regardless of whether such information pertains to the individual requesting it"). Because it was within the Department's discretion to deny Davis's request under section 552.028, mandamus relief was not available to compel it to do so. *See id*. ("Mandamus will not issue to compel a discretionary rather than a ministerial act."). Thus, there are no material fact issues as to the request for mandamus relief. *See id*. (concluding no "arguable basis in law" to support claim for mandamus relief under PIA). We overrule Davis's first issue.

In his second and third issues, Davis raises constitutional challenges to section 552.028. Davis contends that his equal protection and due process rights were violated when he was denied mandamus relief and that section 552.028 is unconstitutional because it violated his right to self-representation under the Sixth Amendment to the United States Constitution. *See* U.S. Const. amends. V, VI, VIV; Tex. Const. art. I, § 19 (due course of law). He also contends that his rights to "compulsory process" under articles 1.05, 24.01, and 24.03 of the Texas Code of Criminal Procedure were violated. *See* Tex. Code Crim. Proc. arts. 1.05, 24.01. 24.03. Davis equates his suit for mandamus relief against the Department with a habeas corpus proceeding to support his contention that the cited articles of the Texas Code of Criminal Procedure apply here. *See id*. art. 11.07 (procedure for habeas corpus relief).

The cited articles of the Texas Code of Criminal Procedure, however, do not apply to a civil suit for mandamus relief brought under the PIA. *Compare id.* arts. 1.05 (setting out rights of accused in "all criminal prosecutions"), 24.01 (addressing issuance of subpoenas in criminal proceedings), 24.03 (addressing issuance of subpoenas in felony cases), *with* Tex. Gov't Code

4

§ 552.321 (allowing suit for writ of mandamus to be brought by requestor or attorney general against governmental body). Further, courts that have considered the constitutionality of section 552.028, including this Court, have concluded that an incarcerated individual "has no constitutionally protected right to [information sought under the PIA] as a matter of due process" or based on equal protection or the right to self-representation. *See Nabelek v. Bradford*, 228 S.W.3d 715, 718–20 (Tex. App.—Houston [14th Dist.] 2006, pet. denied) (upholding denial by City of request for files regarding offense under section 552.028 and rejecting as-applied constitutional challenges to statute based on due process, equal protection, and right to self-representation); *see also Trevino v. State*, No. 03-12-00060-CV, 2013 Tex. App. LEXIS 9813, at \*15–18 (Tex. App.—Austin Aug. 7, 2013, no pet.) (mem. op.) (relying on analysis in *Nabelek* to overrule an incarcerated individual's issues challenging constitutionality of section 552.028, including challenges based on due process and equal protection). Guided by this precedent, we overrule Davis's second and third issues.

## CONCLUSION

Having overruled Davis's issues, we affirm.

_____

Melissa Goodwin, Justice

Before Justices Puryear, Rose, and Goodwin

Affirmed

Filed: August 12, 2014

5