**Petition for Writ of Mandamus Denied and Memorandum Opinion filed July 25, 2017.**



**In The**

# Fourteenth Court of Appeals

---

### NO. 14-17-00490-CR and NO. 14-17-00491-CR

---

### IN RE DARRYL GREGORY GUILLORY, Relator

---

**ORIGINAL PROCEEDING**
**WRIT OF MANDAMUS**
**230th District Court**
**Harris County, Texas**
**Trial Court Cause Nos. 1354360 and 1354361**

---

### MEMORANDUM OPINION

On June 22, 2017, relator Darryl Gregory Guillory filed a petition for writ of mandamus in this court. *See* Tex. Gov't Code Ann. § 22.221 (West 2004); *see also* Tex. R. App. P. 52. In the petition, relator asks this court to compel the Honorable Brad Hart, presiding judge of the 230th District Court of Harris County, to provide him with a free

copy of the appellate records so that he may prepare a post-conviction writ of habeas corpus. In this petition, relator alleges that he requested the trial court to provide him with a free record and offered proof of his indigence, but that the trial court has refused to act on his request.

An indigent criminal defendant is not entitled to obtain a free record to assist in preparation of a petition for writ of habeas corpus absent a showing that the habeas corpus action is not frivolous and there is a specific need for the trial records which are sought. *Escobar v. State*, 880 S.W.2d 782, 783 (Tex. App.—Houston [1st Dist.] 1993, no pet.); *see also Nabelek v. Bradford*, 228 S.W.3d 715, 719 (Tex. App.—Houston [14th Dist.] 2006, pet. denied) (rejecting constitutional challenge to restriction of prisoner's right to obtain trial documents to support a habeas petition). To obtain a free record for use in a habeas proceeding, a relator must show that the habeas action is not frivolous by making a specific showing of the issues to be raised in the habeas proceeding and a specific need for the record to demonstrate the right to habeas relief, including demonstrating his or her inability to pay for a record. *See In re Coronado*, 980 S.W.2d 691, 693 (Tex. App.—San Antonio 1998, orig. proceeding); *Eubanks v. Mullin*, 909 S.W.2d 574, 576–77 (Tex. App.—Fort Worth 1995, orig. proceeding).

As the party seeking relief, relator has the burden of providing this court with a sufficient record to establish his right to mandamus relief. *See Walker v. Packer*, 827 S.W.2d 833, 837 (Tex. 1992) (orig. proceeding); Tex. R. App. P. 52.7(a)(1) (relator must file with petition "a certified or sworn copy of every document that is material to the relator's claim for relief and that was filed in any underlying proceeding").

Relator is not entitled to mandamus relief because he has not provided this court with a certified or sworn record that shows that his habeas action is not frivolous and that he has a specific need for the record.

Although a trial court is required to rule on a motion within a reasonable time after the motion has been submitted to the court, to be entitled to mandamus relief, the record must show both that the motion was filed and brought to the attention of the trial court; it is not enough that the motion is on file. *See In re Foster*, 503 S.W.3d 606 (Tex. App.—Houston [14th Dist.] 2016, orig. proceeding); *In re Layton*, 257 S.W.3d 794, 795 (Tex. App.—Amarillo 2008, orig. proceeding); *In re Molina*, 94 S.W.3d 885, 886 (Tex. App.—San Antonio 2003, orig. proceeding). A "party's right to mandamus relief generally requires a predicate request for some action and a refusal of that request." *In re Perritt*, 992 S.W.2d 444, 446 (Tex. 1999) (orig. proceeding).

Relator is not entitled to mandamus relief because he has not provided this court with a certified or sworn record that shows that he filed and brought his alleged request for a free record to the attention of the trial court, and that the court has refused his request or failed to rule on the request within a reasonable time.

For these reasons, we deny relator's petition for writ of mandamus.

PER CURIAM

Panel consists of Chief Justices Frost and Justices Jamison and Busby.
Do Not Publish — Tex. R. App. P. 47.2(b).