**Affirmed and Memorandum Opinion filed July 10, 2018.**



In The

# Fourteenth Court of Appeals

## NO. 14-17-00777-CV

## ALEX MELVIN WADE, JR., Appellant

## V.

## DOMINION AT WOODLANDS, Appellee

**On Appeal from the 284th District Court**
**Montgomery County, Texas**
**Trial Court Cause No. 17-05-05876-CV**

## M E M O R A N D U M   O P I N I O N

Appellant Dr. Alex Melvin Wade, Jr. appeals the trial court's denial of his petition for bill of review. Wade previously sued his former apartment complex, appellee Dominion at Woodlands.[1] The trial court granted summary judgment in favor of Dominion. Wade did not timely appeal that judgment.

---

[1] In the underlying suit, Wade sued "Dominion at Woodlands a/k/a The Lynd Company." The trial court's order in this suit states that the court granted "Defendants' Dominion at Woodlands and The Lynd Company Motion for Summary Judgment." For ease of reference, we

Approximately ten years after the summary judgment order was signed, Wade filed the present bill of review petition, requesting the court grant him a new trial. Wade contends that Dominion committed extrinsic fraud and his due process rights were violated in the underlying proceeding, all of which prevented him from presenting a meritorious claim or pursuing a meritorious appeal. Dominion moved for summary judgment, arguing among other things that Wade's bill of review was untimely. The trial court granted Dominion's motion and dismissed the case. Because we agree with Dominion that the statute of limitations bars Wade's petition for bill of review, we affirm.

## Background

Wade was a resident at Dominion. In 2006, Dominion evicted Wade from his apartment for failure to pay rent. In 2007, Wade filed suit against Dominion for wrongful eviction, negligence, and breach of contract.[2] According to Dominion, Wade and Dominion each filed motions for summary judgment, and both motions were set for submission on August 29, 2007.[3]

Dominion asserts that the trial court granted Dominion's motion for summary judgment on October 17, 2007, and the court clerk mailed notice of the final judgment on October 22, 2007. Wade contends that he never received notice of the judgment, however, because he was not living at the address provided in his petition, where the clerk presumably sent the notice of judgment. Rather, Wade was confined in county jail from July 27, 2007 until September 8, 2008. Upon

refer to Dominion singularly, but we intend this singular reference to encompass any allegations by or against Lynd, as relevant.

[2] In the underlying suit, Wade claimed that he did not pay rent because his apartment was environmentally unsafe due to alleged mold contamination and that he also suffered injury caused by the contamination.

[3] Our record does not contain the motions for summary judgment, the notices of submission, or any of the trial court's orders in the underlying suit.

being released from jail in 2008, Wade learned of the summary judgment against him. Wade filed a motion for new trial, which was dismissed.

Wade filed the present petition for bill of review on May 11, 2017. In his original and amended petitions, Wade sought to set aside the 2007 summary judgment because: (1) Dominion allegedly committed fraud during the underlying court proceedings by withholding evidence regarding the mold contamination in Wade's apartment; (2) Dominion provided no notice of the summary judgment hearing; and (3) Wade did not receive notice of the final judgment. Dominion moved for summary judgment, contending that Wade's petition for bill of review was barred by limitations and was without merit. The trial court granted Dominion's motion without specifying the grounds for its ruling, and dismissed Wade's petition.

Wade now appeals, raising substantially the same arguments as below.[4]

## Analysis[5]

## A.    Equitable Bills of Review

A bill of review is an equitable proceeding brought by a party to a former action who seeks to set aside a judgment that is no longer appealable or subject to a motion for new trial. *Baker v. Goldsmith*, 582 S.W.2d 404, 406 (Tex. 1979). A bill of review is proper when a party has exercised due diligence to prosecute all

---

[4] Wade proceeded pro se in the trial court, as he does in this appeal. We construe pro se filings and briefs liberally but nonetheless hold pro se litigants to the same standards as licensed attorneys. *See Redmond v. Kovar*, No. 09-17-00099-CV, 2018 WL 651272, at *2 (Tex. App.—Beaumont Feb. 1, 2018, no pet.) (mem. op.); *Nabelek v. Bradford*, 228 S.W.3d 715, 717 (Tex. App.—Houston [14th Dist.] 2006, pet. denied).

[5] Wade appealed to the Beaumont Court of Appeals, and the case was subsequently transferred to our court. Because of the transfer, we must decide the case in accordance with the precedent from the Ninth Court of Appeals if our decision otherwise would have been inconsistent with the precedent of the transferring court. *See* Tex. R. App. P. 41.3.

legal remedies against a former judgment. *King Ranch, Inc. v. Chapman*, 118 S.W.3d 742, 751 (Tex. 2003). Because Texas favors the finality of judgments, the grounds for granting a bill of review are narrow. *Id*. To invoke the court's equitable jurisdiction, a bill of review petitioner must first file a petition alleging factually, and with particularity, these three elements: (1) a meritorious claim or defense;[6] (2) fraud, accident, or wrongful act by the petitioner's opponent or official mistake, which prevented the petitioner from asserting the petitioner's claim or defense; and (3) the absence of fault or negligence of the petitioner. *Baker*, 582 S.W.2d at 406-07; *see also Beck v. Beck*, 771 S.W.2d 141, 141 (Tex. 1989); *Caldwell v. Barnes*, 975 S.W.2d 535, 537 (Tex. 1998).

A petition for an equitable bill of review ordinarily must be brought within four years of the date of the underlying judgment. *Valdez v. Hollenbeck*, 465 S.W.3d 217, 226 (Tex. 2015); *see also* Tex. Civ. Prac. & Rem. Code § 16.051. The only clear exception to this rule is that extrinsic fraud may toll the statute of limitations for a bill of review. *PNS Stores, Inc. v. Rivera*, 379 S.W.3d 267, 275 (Tex. 2012); *cf. also Valdez*, 465 S.W.3d at 225-26, 231 (not addressing plaintiffs' argument that fraudulent concealment also operates to toll limitations for a bill of review). Extrinsic fraud is fraud that denies a party the opportunity to fully litigate at trial all the rights or defenses that could have been asserted. *See, e.g., King Ranch*, 118 S.W.3d at 752. Extrinsic fraud will not toll the limitations period indefinitely, however. Even when extrinsic fraud is present, "a bill of review's four-year limitations period begins to run when the litigant knew or should have known about the [] judgment." *PNS Stores*, 379 S.W.3d at 277 n.16.

---

[6] When, as here, the petitioner participated in the underlying suit, the petitioner must allege a meritorious ground for appeal instead of a meritorious claim or defense. *Shaw v. Shaw*, No. 09-17-00112-CV, 2018 WL 651273, at *2 (Tex. App.—Beaumont Feb. 1, 2018, no pet.) (mem. op.).

## B.    Standard of Review

We review the denial of a bill of review under an abuse of discretion standard. *Shaw*, 2018 WL 651273, at *3. A trial court abuses its discretion if it acts arbitrarily, unreasonably, or without reference to any guiding rules or principles. *Id.* "In reviewing the grant or denial of a bill of review, every presumption is indulged in favor of the court's ruling, which will not be disturbed unless it is affirmatively shown that there was an abuse of judicial discretion." *Id.* (internal quotation omitted). When the inquiry concerns a question of law, we review the trial court's decision de novo. *Id.*

## C.    Application

Wade initiated this bill of review proceeding nearly ten years after the trial court rendered summary judgment against him in the underlying suit, which "necessarily gives rise to limitations concerns." *Valdez*, 465 S.W.3d at 225. In the absence of tolling, the limitations period on Wade's bill of review expired in 2011. The pertinent questions in this appeal, then, are whether the limitations period was tolled and when that tolling, if any, ceased.

Though Wade does not expressly address tolling, he argues on appeal that he did not personally receive actual notice of the summary-judgment hearing or the final judgment and that Dominion committed extrinsic fraud during the underlying proceeding. We need not reach the issue of whether any of these actions or omissions operates to toll the statute of limitations, because we conclude Wade's petition for bill of review was untimely even if the limitations period was tolled. *See id.* at 231 (declining to reach issue of whether fraudulent concealment applied to toll limitations because bill of review was untimely even if limitations period was tolled).

5

### 1. *Lack of notice of the dispositive hearing or judgment*

Wade contends that he did not receive notice of the hearing on Dominion's motion for summary judgment or of the final judgment in the underlying proceeding. Dominion asserts that it served Wade with notice of the hearing at the address provided in Wade's petition. In response, Wade contends that Dominion's attorney knew Wade was in jail at the time of the hearing and should have sent notice of the hearing to the jail. Wade makes no claim as to whether the court clerk knew or should have known that Wade was in jail at the time the clerk sent notice of the judgment.

Wade's complaints about lack of notice do not entitle him to relief. Wade admits—both in an affidavit filed in the trial court and in his brief on appeal—that upon being released from county jail in 2008, he discovered that the trial court had granted summary judgment against him. Wade's actual knowledge of the judgment prompted him to file a motion for new trial, albeit an untimely one. Thus, assuming Wade lacked notice of the judgment, and further assuming his lack of knowledge tolled the limitations period until he learned of the judgment, any tolling expired and the limitations period began to run once Wade learned of the judgment in 2008. Under these circumstances, the limitations period for Wade's petition for bill of review expired, at the latest, in 2012, well before he initiated the current proceeding. *PNS Stores, Inc.*, 379 S.W.3d at 275, 277 n.16; *Valdez*, 465 S.W.3d at 229-31.

### 2. *Extrinsic fraud*

Wade's remaining argument is that Dominion committed extrinsic fraud by withholding evidence of a mold report during the original 2007 proceeding, which could have helped Wade substantiate a meritorious claim. Wade contends that he was not aware that Dominion had withheld the mold report until March 2017.

We need not address whether Dominion's alleged withholding of evidence is extrinsic fraud, which may toll the limitations period, or intrinsic fraud, which would not. *See PNS Stores*, 379 S.W.3d at 275 & n.14 (explaining the difference between extrinsic and intrinsic fraud). Assuming Dominion's alleged conduct constitutes extrinsic fraud, any withholding of evidence did not prevent Wade from learning about the judgment, which is the operative triggering event for limitations purposes. *See id.* at 277 n.16 ("[A] bill of review's four-year limitations period begins to run when the litigant knew or should have known about the [] judgment."). We therefore reject Wade's suggestion that the limitations period was tolled until he learned of the allegedly withheld evidence in 2017. *See id.*

We hold that Wade's petition for bill of review is untimely.

## Conclusion

For the reasons above, we conclude that the trial court did not abuse its discretion in granting summary judgment to Dominion and denying Wade's petition for bill of review. Accordingly, without reaching the merits of Wade's bill of review or his underlying claims or defenses, we affirm the trial court's judgment.

/s/ Kevin Jewell
   Justice

Panel consists of Justices Jamison, Wise, and Jewell.

7