**Petition for Writ of Mandamus Denied and Memorandum Opinion filed September 20, 2018.**



**In The**

# Fourteenth Court of Appeals

## NOS. 14-18-00786-CR and 14-18-00787-CR

### IN RE RAUL OLVERA, Relator

**ORIGINAL PROCEEDING**
**WRIT OF MANDAMUS**
**248th District Court**
**Harris County, Texas**
**Trial Court Cause Nos. 478810 and 478809**

## MEMORANDUM OPINION

On September 7, 2018, relator Raul Olvera filed a petition for writ of mandamus in this court. *See* Tex. Gov't Code Ann. § 22.221 (West Supp. 2017); *see also* Tex. R. App. P. 52. In the petition, relator asks this court to compel the Honorable Katherine Cabaniss, presiding judge of the 248th District Court of Harris

County to provide relator with a free transcript of the trials of Cause Nos. 478810 and 478809, presumably for relator to prepare a post-conviction writ of habeas corpus. Relator alleges that he requested the trial court to provide him with a free record in both 2016 and 2017, and again on March 14, 2018, but that the trial court has not ruled on these requests.

As the party seeking relief, relator has the burden of providing this court with a sufficient record to establish his right to mandamus relief. *See Walker v. Packer*, 827 S.W.2d 833, 837 (Tex. 1992) (orig. proceeding); Tex. R. App. P. 52.7(a)(1) (relator must file with petition "a certified or sworn copy of every document that is material to the relator's claim for relief and that was filed in any underlying proceeding").

An indigent criminal defendant is not entitled to obtain a free record to assist in preparation of a petition for writ of habeas corpus absent a showing that the habeas corpus action is not frivolous and there is a specific need for the record sought. *Escobar v. State*, 880 S.W.2d 782, 783 (Tex. App.—Houston [1st Dist.] 1993, no pet.); *see also Nabelek v. Bradford*, 228 S.W.3d 715, 719 (Tex. App.—Houston [14th Dist.] 2006, pet. denied) (rejecting constitutional challenge to restriction of prisoner's right to obtain trial documents to support a habeas petition). To obtain a free record for use in a habeas proceeding, a relator must show that the habeas action is not frivolous by making a specific showing of the issues to be raised in the habeas proceeding and a specific need for the record to demonstrate the right to habeas relief, including demonstrating the petitioner's inability to pay for a record. *See In re Coronado*, 980 S.W.2d 691, 693 (Tex. App.—San Antonio 1998, orig.

2

proceeding); *Eubanks v. Mullin*, 909 S.W.2d 574, 576–77 (Tex. App.—Fort Worth 1995, orig. proceeding). Relator has not provided a mandamus record showing that any habeas corpus action he plans to file is not frivolous and there is a need for the record sought.

Further, to be entitled to mandamus relief for a trial court's failure to rule on a motion, the record must show both that the motion was filed and brought to the attention of the judge for a ruling. *See In re Foster*, 503 S.W.3d 606, 607 (Tex. App.—Houston [14th Dist.] 2016, orig. proceeding) (per curiam); *In re Layton*, 257 S.W.3d 794, 795 (Tex. App.—Amarillo 2008, orig. proceeding). "Filing a document with the district clerk does not mean the trial court is aware of it; nor is the clerk's knowledge imputed to the trial court." *In re Querishi*, No. 14-11-00294-CV, 2011 WL 1365002, at *1 (Tex. App.—Houston [14th Dist.] Apr. 12, 2011, orig. proceeding) (per curiam) (mem. op., not designated for publication) (citing *In re Hearn*, 137 S.W.3d 681, 685 (Tex. App.—San Antonio 2004, orig. proceeding)). Relator has not provided a mandamus record showing that he both filed his alleged requests for a free record and that he brought it to the attention of the trial court for a ruling.

For these reasons, we deny relator's petition for writ of mandamus.

PER CURIAM

Panel consists of Justices Christopher, Jamison, and Brown.
Do Not Publish — Tex. R. App. P. 47.2(b).