**Affirmed and Memorandum Opinion filed February 11, 2020.**



In The

# Fourteenth Court of Appeals

## NO. 14-18-00848-CV

## ARTIS CHARLES HARRELL, Appellant

## V.

## KIM OGG, Appellee

### On Appeal from the 189th District Court
### Harris County, Texas
### Trial Court Cause No. 2018-27455

## M E M O R A N D U M   O P I N I O N

Appellant Artis Charles Harrell, who is currently incarcerated, requested the Harris County District Attorney, appellee Kim Ogg, to produce files in Ogg's possession, which Harrell wanted to use in a legal malpractice case against his former criminal defense attorney. After Ogg denied the request under a statute in the Government Code that gives her discretion to do so,[1] Harrell filed this suit

---

[1] *See* Tex. Gov't Code § 552.028.

against Ogg, seeking a declaration that Government Code section 552.028 is unconstitutional. Ogg moved to dismiss Harrell's suit as frivolous because it lacked an arguable legal basis. The trial court granted Ogg's motion and dismissed Harrell's suit. Harrell appeals. Because we agree that Harrell's suit lacks an arguable basis in law, we affirm the trial court's judgment.

## Background

Harrell is currently serving a ninety-nine-year sentence for aggravated robbery. *See Harrell v. State*, No. 14-05-00753-CR, 2006 WL 1140418, at *1 (Tex. App.—Houston [14th Dist.] Apr. 27, 2006, pet. ref'd) (mem. op., not designated for publication). While in prison, Harrell requested information from Ogg under the Texas Public Information Act ("TPIA"). *See generally* Tex. Gov't Code ch. 552. According to Harrell, he needed the requested records to prosecute a civil malpractice case against the attorney who represented him during his criminal trial.

Ogg denied Harrell's requests pursuant to Texas Government Code section 552.028. As discussed below, that statute provides governmental bodies discretion in choosing to comply with requests for public information from an inmate such as Harrell. *See* Tex. Gov't Code § 552.028(a).

Harrell then sued Ogg, seeking a declaration that section 552.028 is unconstitutional as applied.[2] Ogg moved to dismiss Harrell's declaratory relief

---

[2] In his amended petition, Harrell also named as a defendant Texas Attorney General Ken Paxton, seemingly in response to Ogg's assertion in a plea to the jurisdiction that the trial court lacked jurisdiction because Harrell "failed to name the Texas Attorney General as a party, as required by Section 37.006 of the Texas Civil Practice & Remedies Code." Section 37.006 requires that, in any proceeding challenging the constitutionality of a statute, the attorney general must "be served with a copy of the proceeding and is entitled to be heard." Tex. Civ. Prac. & Rem. Code § 37.006(b). There is no indication in the record that citation was ever served on Paxton, but in any event, Paxton would not have been a necessary party to this suit. *See, e.g.*, *Nabelek v. Bradford*, No. 01-02-00359-CR, 2003 WL 1937200, at *2 (Tex. App.—Houston [1st

2

claim, contending it was frivolous under Texas Civil Practice and Remedies Code section 14.003. *See* Tex. Civ. Prac. & Rem. Code § 14.003 (governing dismissal of claims in inmate litigation). The trial court granted Ogg's motion and dismissed Harrell's suit.

Harrell appeals and contends in his only relevant issue that the trial court's dismissal order is erroneous.[3]

## Analysis

### A.     Standard of review for inmate-litigation dismissals

Ogg moved to dismiss Harrell's claim as frivolous under chapter 14 of the Texas Civil Practice and Remedies Code. *See* Tex. Civ. Prac. & Rem. Code § 14.003(a)(2). Chapter 14 applies to inmate-filed actions in which the inmate has filed an affidavit or unsworn declaration of inability to pay costs. Tex. Civ. Prac. & Rem. Code § 14.002. Harrell filed an unsworn declaration in this case. Accordingly, chapter 14 applied to Harrell's suit and applies to this appeal. *See id.*

Under chapter 14, a trial court may dismiss an inmate's claim if the court finds that the claim is frivolous or malicious. *See id.* § 14.003(a)(2). In determining whether a claim is frivolous or malicious, the court may consider whether the claim has no arguable basis in law or fact. *See id.* § 14.003(b)(2). Because the trial court dismissed Harrell's claim as frivolous under section 14.003 without holding an evidentiary hearing, this court can affirm the trial court's ruling only if Harrell's claim has no arguable basis in law. *Retzlaff v. Tex. Dep't of*

Dist.] Apr. 24, 2003, no pet.) (mem. op.) ("Texas courts have held that section 37.006 does not require that the Attorney General be made a party defendant.").

[3] Harrell contends in a second issue that the trial court erred in dismissing his suit for lack of subject-matter jurisdiction. The record makes clear that jurisdiction was not the basis for the trial court's dismissal order, and therefore Harrell's issue presents nothing for our review. We overrule Harrell's second issue.

*Criminal Justice*, 94 S.W.3d 650, 653 (Tex. App.—Houston [14th Dist.] 2002, pet. denied). A claim has no arguable basis in law if the claim is based on an indisputably meritless legal theory. *See Nabelek v. Dist. Att'y of Harris Cty.*, 290 S.W.3d 222, 228 (Tex. App.—Houston [14th Dist.] 2005, pet. denied). We review a dismissal under chapter 14 for an abuse of discretion, but we review de novo the issue of whether a claim has an arguable basis in law. *Retzlaff*, 94 S.W.3d at 653.

## B.      Application

Harrell seeks a declaration that Texas Government Code section 552.028 is unconstitutional. Section 552.028, captioned "Request for Information from Incarcerated Individual," provides that "[a] governmental body is not required to accept or comply with a request for information from . . . an individual who is imprisoned or confined in a correctional facility." Tex. Gov't Code § 552.028(a)(1). This statute therefore affords governmental bodies, such as the Harris County District Attorney's Office,[4] discretion in determining whether to comply with public information requests from inmates. *See, e.g.*, *Nabelek*, 290 S.W.3d at 225; *Harrison v. Vance*, 34 S.W.3d 660, 662-63 (Tex. App.—Dallas 2000, no pet.) ("We join our sister courts in holding disclosure of information is discretionary when that information is requested by an individual imprisoned or confined in a correctional facility, regardless of whether such information pertains to the individual requesting it.").

In his amended petition, Harrell argued that section 552.028 is unconstitutional for several reasons. First, the statute violated Harrell's "absolute right" to secure documents from a non-party under the Texas Rules of Civil

---

[4] *See Holmes v. Morales*, 924 S.W.2d 920, 923 (Tex. 1996) ("Accordingly, we affirm the court of appeals' holding that the Harris County District Attorney's office is a 'governmental body' within the meaning of the Open Records Act and is, therefore, subject to its provisions.").

Procedure. Further, the statute violated Harrell's rights under the Equal Protection and Due Process clauses of the United States Constitution by unlawfully discriminating against Harrell as an incarcerated person and by depriving Harrell access to public information that is available to non-incarcerated persons. *See* U.S. Const. amends. V & XIV.

We first address Harrell's contention that he has an absolute right to discovery from a non-party in civil litigation. Although Harrell does not specifically identify any constitutional provision or amendment that section 552.028 violates in this regard, we construe his pleadings and briefing liberally to presume that his due process argument applies to this contention.

We begin by noting that this court and others, when considering the constitutionality of section 552.028, have concluded that an incarcerated individual "has no constitutionally protected right to [TPIA] information as a matter of due process." *Nabelek v. Bradford*, 228 S.W.3d 715, 718 (Tex. App.—Houston [14th Dist.] 2006, pet. denied); *see also Trevino v. State*, No. 03-12-00060-CV, 2013 WL 4056193 (Tex. App.—Austin Aug. 7, 2013, no pet.) (mem. op.) (relying on analysis in *Nabelek* to overrule an incarcerated individual's due-process challenge to the constitutionality of section 552.028).

Regardless, there is no conflict between the Texas Rules of Civil Procedure and Government Code section 552.028. Under rule 205.1, a party may compel discovery from a non-party—that is, a person who is not a party or subject to a party's control—by serving a subpoena compelling, *inter alia*, a request for production of documents.[5] *See* Tex. R. Civ. P. 205.1(d). Thus, if Harrell seeks

---

[5] A party may also compel certain discovery from a non-party by obtaining a court order under rules 196.7, 202, or 204, but none of those rules are implicated here: rule 196.7 governs requests or motions for entry upon property; rule 202 governs depositions before suit or to

5

documents from a non-party like Ogg, he may have the right to subpoena those documents in civil litigation. But that discovery mechanism is governed under the rules of civil procedure, not the rules governing public information requests. We discern no friction between section 552.028's grant of discretion to governmental bodies responding to information requests from incarcerated individuals and a civil litigant's right under rule 205.1 to subpoena documents from a non-party.

We next address Harrell's as-applied constitutional arguments. This court has already squarely rejected Harrell's equal protection argument:

> Prisoners are not a suspect class and thus we review their claims under the rational-basis test. So long as the statute furthers some legitimate state interest, we will uphold its constitutionality. Avoidance of unnecessary use of state and other governmental agencies' employee resources is a legitimate goal. . . . Such requests require time and attention. It requires little effort of thought to understand the strain on public resources were agencies required to comply fully with every prisoner's request for information. . . . [W]e must determine only if the Legislature had a legitimate state interest in enacting the law.

*Nabelek*, 228 S.W.3d at 719 (overruling appellant's equal protection argument) (internal citations omitted). And, as already stated, precedent from this court forecloses Harrell's due process argument as well. *See id.* at 718.

For these reasons, we hold that Harrell's constitutional rights are not violated in any of the alleged respects, and thus section 552.028 is not unconstitutional as applied to Harrell. Because Harrell's declaratory relief claim has no arguable basis in law, the trial court did not abuse its discretion in granting Ogg's motion to dismiss Harrell's suit as frivolous. We overrule Harrell's first issue.

---

investigate claims; and rule 204 governs physical and mental examinations. *See* Tex. R. Civ. P. 196.7, 202, 204.

## Conclusion

We affirm the trial court's judgment.


/s/      Kevin Jewell
             Justice

Panel consists of Justices Wise, Jewell, and Poissant.