

# NUMBER 13-20-00525-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

## IN RE VALENTIN TORRES ALVAREZ A/K/A VALENTIN TORRES ALVEREZ

## On Petition for Writ of Mandamus.

# MEMORANDUM OPINION

### Before Chief Justice Contreras and Justices Hinojosa and Perkes
### Memorandum Opinion by Chief Justice Contreras[1]

Relator Valentin Torres Alvarez a/k/a Valentin Torres Alverez,[2] proceeding pro se, filed a petition for writ of mandamus in the above cause through which he contends that the trial court has violated its ministerial duty to provide relator with the appellate record

---

[1] *See* TEX. R. APP. P. 52.8(d) ("When denying relief, the court may hand down an opinion but is not required to do so. When granting relief, the court must hand down an opinion as in any other case."); *id.* R. 47.4 (distinguishing opinions and memorandum opinions).

[2] The petition for writ of mandamus identifies relator as both Valentin Torres Alvarez and Valentin Torres Alverez.

pertaining to his conviction.[3] Relator alleges that he requires the record in order to file an application for writ of habeas corpus under article 11.07 of the Texas Code of Criminal Procedure. *See* TEX. CODE CRIM. PROC. ANN. art. 11.07.[4] We deny the petition for writ of mandamus.

To be entitled to mandamus relief, the relator must establish both that he has no adequate remedy at law to redress his alleged harm and that what he seeks to compel is a purely ministerial act not involving a discretionary or judicial decision. *In re Harris*, 491 S.W.3d 332, 334 (Tex. Crim. App. 2016) (orig. proceeding); *In re McCann*, 422 S.W.3d 701, 704 (Tex. Crim. App. 2013) (orig. proceeding). If the relator fails to meet both requirements, then the petition for writ of mandamus should be denied. *State ex rel. Young v. Sixth Jud. Dist. Ct. of Apps. at Texarkana*, 236 S.W.3d 207, 210 (Tex. Crim. App. 2007). A trial court has a ministerial duty to rule on a properly filed and timely

---

[3] This original proceeding arises from trial court cause number 2017-DCR-2121 in the 103rd District Court of Cameron County, Texas. Relator has previously filed other appeals and original proceedings generated from this same cause number. *See In re Alvarez*, No. 13-20-00462-CR, 2020 WL 6588605, at *1 (Tex. App.—Corpus Christi–Edinburg Nov. 10, 2020, orig. proceeding) (mem. op., not designated for publication); *In re Alvarez*, No. 13-20-00259-CR, 2020 WL 5052771, at *1 (Tex. App.—Corpus Christi–Edinburg July 15, 2020, orig. proceeding) (mem. op., not designated for publication); *Alvarez v. State*, No. 13-20-00260-CR, 2020 WL 5051509, at *1 (Tex. App.—Corpus Christi–Edinburg July 15, 2020, no pet.) (mem. op., not designated for publication); *Alvarez v. State*, No. 13-18-00410-CR, 2018 WL 4140676, at *1 (Tex. App.—Corpus Christi–Edinburg Aug. 30, 2018, no pet.) (mem. op., not designated for publication).

[4] Only the Court of Criminal Appeals possesses the authority to grant relief in a post-conviction habeas corpus proceeding where there is a final felony conviction. *Padieu v. Court of Appeals of Tx., Fifth Dist.*, 392 S.W.3d 115, 117 (Tex. Crim. App. 2013) (orig. proceeding) (per curiam). However, in this case, the relator has not filed an application for a writ of habeas corpus. Instead, he is asking the trial court to provide him with certain records for the purpose of filing such an application. The Texas Court of Criminal Appeals has held: "we perceive no reason why our exclusive Article 11.07 jurisdiction divests an appellate court of jurisdiction to decide the merits of a mandamus petition alleging that a district judge is not ruling on a motion when the relator has no Article 11.07 application pending." *Id.* at 117-18 ("Although the records he seeks may be intended for preparation of an eventual habeas corpus application, the issue here is simply whether the trial judge has a duty to act upon his pending motion."). Therefore, this Court has the authority to consider the merits of the relator's petition under the circumstances presented here. *See id.* at 118 ("when there is no pending application for habeas corpus filed under Article 11.07 of the Code of Criminal Procedure, the appellate court is not without jurisdiction to rule on mandamus petitions relating to a motion requesting access to material that could be used in a future habeas application").

presented motion. *See id.* To be entitled to mandamus relief for a trial court's failure to rule on a motion, however, the record must show both that the motion was filed and brought to the attention of the judge for a ruling. *See In re Foster*, 503 S.W.3d 606, 607 (Tex. App.—Houston [14th Dist.] 2016, orig. proceeding) (per curiam); *In re Layton*, 257 S.W.3d 794, 795 (Tex. App.—Amarillo 2008, orig. proceeding). Merely filing a document with the district clerk does not indicate that the trial court is aware of it and we do not impute the clerk's knowledge of the filing to the trial court. *See In re Hearn*, 137 S.W.3d 681, 685 (Tex. App.—San Antonio 2004, orig. proceeding).

It is the relator's burden to properly request and show entitlement to mandamus relief. *See Barnes v. State*, 832 S.W.2d 424, 426 (Tex. App.—Houston [1st Dist.] 1992, orig. proceeding) (per curiam) ("Even a pro se applicant for a writ of mandamus must show himself entitled to the extraordinary relief he seeks."); *see generally* TEX. R. APP. P. 52.3; *Lizcano v. Chatham*, 416 S.W.3d 862, 863 (Tex. Crim. App. 2011) (orig. proceeding) (Alcala, J. concurring). In addition to other requirements, the relator must include a statement of facts in the petition that is supported by citations to "competent evidence included in the appendix or record," and must also provide "a clear and concise argument for the contentions made, with appropriate citations to authorities and to the appendix or record." *See generally* TEX. R. APP. P. 52.3. The relator must furnish an appendix or record sufficient to support the claim for mandamus relief. *See id.* R. 52.3(k) (specifying the required contents for the appendix); *id.* R. 52.7(a) (specifying the required contents for the record).

An indigent criminal defendant is not entitled to obtain a free record to assist in preparation of a petition for writ of habeas corpus absent a showing that the habeas

3

corpus action is not frivolous and there is a specific need for the record sought. *Nabelek v. Bradford*, 228 S.W.3d 715, 719 (Tex. App.—Houston [14th Dist.] 2006, pet. denied) (stating that a habeas petitioner "has no constitutionally protected right to that information as a matter of due process"); *Escobar v. State*, 880 S.W.2d 782, 783 (Tex. App.—Houston [1st Dist.] 1993, no pet.) ("An indigent criminal defendant is not . . . entitled—either as a matter of equal protection, or of due process—to a free transcription of prior proceedings for use in pursuing post-conviction habeas corpus relief."); *see also In re Olvera*, No. 14-18-00786-CR, 2018 WL 4495062, at *1–2 (Tex. App.—Houston [14th Dist.] Sept. 20, 2018, orig. proceeding) (per curiam mem. op., not designated for publication).

To obtain a free record for use in a habeas proceeding, a relator must show that the habeas action is not frivolous by making a specific showing of the issues to be raised in the habeas proceeding and a specific need for the record to demonstrate the right to habeas relief, including demonstrating the petitioner's inability to pay for a record. *See In re Coronado*, 980 S.W.2d 691, 693 (Tex. App.—San Antonio 1998, orig. proceeding); *Eubanks v. Mullin*, 909 S.W.2d 574, 576–77 (Tex. App.—Fort Worth 1995, orig. proceeding); *see also In re Olvera*, 2018 WL 4495062, at *1–2.

Here, relator has provided us with (1) an April 15, 2020 file-stamped copy of relator's letter to the district clerk, which apparently accompanied relator's motion for a complete copy of the appellate records although the motion itself is not included, and (2) the case summary for relator's trial court proceedings. Relator has not provided a mandamus record showing, inter alia, that his request for the records was brought to the attention of the trial court or that the trial court refused to rule on that request in a reasonable time. *See In re Foster*, 503 S.W.3d at 607; *In re Layton*, 257 S.W.3d at 795;

4

*In re Hearn*, 137 S.W.3d at 685. Similarly, relator has not met his mandamus burden to provide a record showing that any habeas corpus action he plans to file is not frivolous and that there is a specific need for the records sought. *See In re Coronado*, 980 S.W.2d at 693; *Eubanks*, 909 S.W.2d at 576–77; *Escobar*, 880 S.W.2d at 783; *see also In re Olvera*, 2018 WL 4495062, at *1–2.

The Court, having examined and fully considered the petition for writ of mandamus and the applicable law, is of the opinion that relator has failed to meet his burden to obtain mandamus relief. Accordingly, we deny the petition for writ of mandamus and all relief sought therein. *See In re Harris*, 491 S.W.3d at 334; *In re McCann*, 422 S.W.3d at 704.

DORI CONTRERAS
Chief Justice

Do not publish.
TEX. R. APP. P. 47.2(b).

Delivered and filed this the
8th day of December, 2020.